Filed 4/29/25  In re A.P. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.P. et al., Persons Coming Under the Juvenile Court Law. | B336189 c/w B340848 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. A.P., Defendant and Appellant. | (Los Angeles County Super. Ct. No. 24CCJP00569A-B) |

APPEAL from orders of the Superior Court of Los Angeles County.  Gabriela H. Shapiro, Temporary Judge.  Dismissed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

A.P. (mother) filed two separate appeals from orders pertaining to her custody of and visitation with her two children (minors), who were born in 2017 and 2021. The appealed orders were made after the juvenile court sustained petition allegations against mother and father under Welfare and Institutions Code section 300, subdivision (b).[1]

Mother does not challenge the sufficiency of the evidence supporting the court's jurisdictional findings or its disposition order insofar as it removed minors from parental custody. In case B336189, mother contends the juvenile court erred at the disposition hearing when it ordered monitored visits over her objection. In case B340848, mother contends the court erred at the six-month review hearing when it found a substantial risk of detriment if minors were returned to mother's custody.[2]

The Department filed a request for judicial notice and a motion to dismiss both appeals as moot because minors had been returned to parental custody. We granted the request for judicial notice and ordered the Department to file a respondent's brief, deferring the motion to dismiss to be determined by the merits panel. We briefly review the procedural history of the underlying

---

[1] All further statutory references are to the Welfare and Institutions Code.

[2] On a motion to consolidate filed by respondent Los Angeles County Department of Children and Family Services (Department), this court ordered mother's two appeals consolidated for all purposes and ordered future briefing to be filed under the case number B336189.

dependency proceeding before considering the Department's motion to dismiss.

In March 2024, the juvenile court sustained jurisdictional allegations against mother and father, based on domestic violence between mother and father, mother's substance abuse, and mother's history of mental and emotional problems. Over mother's objection, the court ordered monitored visits, with mother and father to visit separately and not monitor each other's visits. In her opening brief filed in case B336189, mother contends the order for monitored visits was an abuse of the court's discretion.

The Department liberalized mother's visits to unmonitored in June 2024, on the condition that father could not be present at the visits; the Department began assessing mother's home for overnight visits in August 2024. Father's separate visits were also liberalized to unmonitored in August 2024.

At a six-month review hearing in September 2024, mother asked the court to order minors returned to her custody, and to lift the stay-away order requiring mother and father to live separately and refrain from any contact with each other. Minor's counsel also asked the court to return minors to parental custody. The court denied the requests, finding that the Department had shown that returning minors to parental custody would be detrimental. However, the court ordered separate overnight visits to begin for both parents, as frequently as permissible without interfering with minors' schooling. Mother appealed, and in her opening brief filed in case B340848, she contends the detriment finding was not supported by substantial evidence.

In November 2024, the juvenile court ordered minors returned to parental custody. Based on that order, the

Department contends we should dismiss mother's appeal as moot because there is no effective relief we can grant her.

Mother opposes the motion to dismiss, arguing that if her appeal is dismissed and the challenged orders are permitted to remain, her time-limited right to participate in reunification services will be adversely impacted. Alternatively, even if her appeals are moot, mother argues we should exercise our discretion to consider them because the orders improperly deprived mother of her right to parent her children and ran significant time off her statutory time for reunification services.

"A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief." ' [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*In re D.P.* (2023) 14 Cal.5th 266, 276.) "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*Id.* at p. 282.)

Because the juvenile court returned minors to the parents' custody in November 2024, we find mother's challenges to the order for monitored visitation and the detriment finding in support of continued removal to be moot. We find no harm that is capable of being rectified, even if we were to agree with the contentions mother has raised on appeal. An opinion ordering the juvenile court to reverse the challenged orders would have no practical effect, because minors are back in mother's custody. We are not persuaded by mother's argument that the purportedly erroneous orders, if allowed to stand, would result in insufficient

4

time for her to parent and reunify with her children.  The statutory reunification time frames set forth in section 361.5, subdivision (a)(1) exist for the benefit of not just parents, but to protect children's best interests as well, including the expeditious resolution of the children's case.  (See e.g., *In re M.F.* (2022) 74 Cal.App.5th 86, 100–105.)  In addition, we have considered the factors bearing on discretionary review of moot questions identified in *In re D.P., supra*, 14 Cal.5th at pages 286 through 287, and decline to exercise our discretion here.

## DISPOSITION

The motion to dismiss filed by respondent Los Angeles County Department of Children and Family Services is granted, and the consolidated appeals are dismissed.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

BAKER, J.